**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARCUS I., by and through his parent and next best friend, Karen I.,<br><br>        Plaintiff - Appellant,<br><br>  v.<br><br>DEPARTMENT OF EDUCATION, STATE OF HAWAII,<br><br>        Defendant - Appellee. | No. 09-17606<br><br>D.C. No. 1:08-cv-00491-DAE-BMK<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Hawaii
David A. Ezra, District Judge, Presiding

Argued and Submitted February 17, 2011
Honolulu, Hawaii

Before: TASHIMA, W. FLETCHER, and BERZON, Circuit Judges.

The only issue in this case, whether Five Oaks Achievement Center (Five Oaks) was the least restrictive environment for Marcus, is moot. Typically, issues regarding appropriate placement under the Individuals with Disabilities Act

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

(IDEA) "present[] a live controversy, because the conduct giving rise to the suit 'is capable of repetition, yet evading review.'" *Sacramento City Unified Sch. Dist. v. Rachel H.*, 14 F.3d 1398, 1403 (9th Cir. 1994) (quoting *Honig v. Doe*, 484 U.S. 305, 318 (1988)). This rule is premised on the fact that Individual Education Plans (IEPs) are reviewed annually, providing insufficient time for judicial review, yet often a conflict between a disabled student's parents and a school district regarding proper placement "is a continuing one and will arise frequently." *Id.*

In this case, however, the sole issue before the Hearings Officer was whether the residential placement at Five Oaks offered in the IEPs for school year 2007-2008 was the least restrictive environment. Marcus' subsequent IEP for school year 2008-2009 offered placement at Baldwin High School, a less restrictive environment than Loveland Academy (Loveland), rather than a more restrictive environment. Since the Department of Education (DOE) apparently no longer believes that Marcus needs a highly restrictive residential program, this issue is quite unlikely to arise again. Moreover, because Marcus was never sent to Five Oaks in Texas but has instead remained at Loveland pursuant to the IDEA's stay-put provision, it is unclear what effect any decision by this court would have on the parties.

2

Marcus argues that the case is not moot because dismissing the appeal would have collateral legal consequences for Marcus, namely, it would affect whether the DOE allows him to remain at Loveland pursuant to the stay-put provision. The DOE stated at oral argument that if this appeal is dismissed, Marcus' stay-put will move to Baldwin High School.

This line of reasoning lacks merit as a basis for finding the case not moot for two reasons. First, the stay-put provision is designed to allow a child to remain in an educational institution pending litigation. 20 U.S.C. § 1415(j). It does not guarantee a child the right to remain in any particular institution once proceedings have concluded. Thus, the fact that dismissing an appeal as moot would remove a child from the protection of the stay-put provision cannot in and of itself create a live controversy, as the stay-put order will lapse however the litigation concludes.

Second, Marcus *is* entitled to stay put at Loveland pending his separate ongoing challenge to the offered placement at Baldwin High School for school year 2008-2009, the DOE's contrary statement at oral argument notwithstanding.[1] The relevant section of the IDEA indicates that Marcus is entitled to stay at his then-current placement "during the pendency of any proceedings . . . [and] until all

---

[1] Marcus indicated at oral argument that a Hearings Officer had found that proposed placement at Baldwin High School appropriate and that he was appealing that decision.

such proceedings have been completed." 20 U.S.C. § 1415(j). Marcus was at Loveland when the disputed 2008-2009 IEP was issued. As Marcus will in any event stay at Loveland, Marcus' placement at Loveland pursuant to the stay-put provision as applied to this case does not save this appeal from mootness.

Finally, there is no issue of reimbursement in this case, which would normally be available and so present a live controversy. *See Capistrano Unified Sch. Dist. v. Wartenberg*, 59 F.3d 884, 890 (9th Cir. 1995) (rejecting a mootness challenge after the student graduated, because the parents' claim for reimbursement was a live controversy); *Clovis Unified Sch. Dist. v. Cal. Office of Admin. Hearings*, 903 F.2d 635, 641 (9th Cir. 1990) (parties agreed that the question of appropriate placement was not moot even after the student left the school, because the issue of responsibility for placement costs still remained). Marcus failed to exhaust his claim regarding reimbursement for residential expenses while he remained at Loveland and does not appeal the district court's decision on that matter.

If Marcus were to succeed on appeal, he could be entitled to attorney's fees, but "a claim for attorney's fees does not preserve a case which otherwise has become moot on appeal." *United States v. Ford*, 650 F.2d 1141, 1143 (9th Cir. 1981).

We therefore DISMISS the appeal as moot.