FILED

JAN 28 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MARCUS I., by and through his parent
and next best friend Karen I.,

　　　　　Plaintiff - Appellee,

　v.

DEPARTMENT OF EDUCATION, State
of Hawaii,

　　　　　Defendant - Appellant.

No. 12-16149

D.C. No. 1:10-cv-00381-SOM-
BMK

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Hawaii
Susan Oki Mollway, Chief District Judge, Presiding

Argued and Submitted January 22, 2013
San Francisco, California

Before: TASHIMA, W. FLETCHER, and BERZON, Circuit Judges.

**1.** A stay-put order pursuant to 20 U.S.C. § 1415(j) is appealable under the

collateral order doctrine, as it conclusively determines the disputed question of the

child's stay-put location, resolves an important issue completely separate from the

---

[*]　　　This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

merits of the child's ultimate placement, and is effectively unreviewable on appeal from a final judgment. *See Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468 (1978) (citations omitted).

**2.** We affirm the district court's order of April 12, 2012, granting stay-put at Loveland Academy. Whether or not this result is dictated as a matter of collateral estoppel, the clear implication of our 2011 memorandum was that the Five Oaks placement was no longer operative.

We dismissed Marcus's challenge to the Five Oaks placement as moot, relying in part on the DOE's representation that it was no longer seeking to send Marcus to Five Oaks and that the Five Oaks placement therefore would never be implemented. *See Marcus I. ex rel. Karen v. Dep't of Educ.*, 434 F. App'x 600, 601-02 (9th Cir. 2011). The premise of the mootness decision was that the Five Oaks placement had lapsed for all purposes, not that it would remain in place as the last implemented IEP placement, as the DOE now maintains.

This case is not controlled by *K.D. ex rel. C.L. v. Dep't of Educ., Haw.*, 665 F.3d 1110 (9th Cir. 2011), because in that case, the child's parents had unilaterally changed his placement. Here, however, Judge Ezra found in the case underlying our 2011 memorandum, and the state conceded at oral argument in this case, that Marcus "was placed at Loveland by the State, and not unilaterally by his parents."

2

*Marcus I. ex rel. Karen I. v. Haw., Dep't of Educ.*, Civ. No. 08-00491 DAE/BMK, 2009 WL 3378589, at *1 n.3 (D. Haw. Oct. 21, 2009). Moreover, unlike in *K.D.*, the settlement agreement for the 2006-07 school year was in terms a placement, not just an agreement to pay money.

Marcus I. has the statutory right to remain at the last agreed-upon placement or last implemented IEP placement — that is, the one in effect before the IEP currently being adjudicated. *See* 20 U.S.C. § 1415(j); *Joshua A. v. Rocklin Unified Sch. Dist.*, 559 F.3d 1036, 1037-40 (9th Cir. 2009). Here, with the Five Oaks placement moot — that is, inoperative for all purposes — the Loveland placement is the relevant one for stay-put purposes.

**AFFIRMED.**