**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| A.D., by and through his parent L.D., guardian ad litem, *Plaintiff-Appellee*, <br><br> v. <br><br> STATE OF HAWAII DEPARTMENT OF EDUCATION, *Defendant-Appellant*. | No. 12-17610 <br><br> D.C. No. 1:12-CV-00307-JMS-KSC <br><br><br> OPINION |

Appeal from the United States District Court
for the District of Hawaii
J. Michael Seabright, District Judge, Presiding

Argued and Submitted
June 12, 2013—Honolulu, Hawaii

Filed August 14, 2013

Before: Jerome Farris, Dorothy W. Nelson,
and Jacqueline H. Nguyen, Circuit Judges.

Opinion by Judge D.W. Nelson

## SUMMARY[*]

### Individuals with Disabilities Education Act

The panel affirmed the district court's order that a student was entitled to remain in his special-education placement pending resolution of his challenge under the Individuals with Disabilities Education Act to "Act 163," a Hawaii law cutting off special-education eligibility for students who reach age 20.

The panel held that the district court's "stay put" order was a collateral order subject to interlocutory appeal. The panel held that even though the student had turned 22, the age at which the IDEA cuts off special-education eligibility for all disabled children, the appeal was not moot because the issue of the availability of the stay-put injunction to students challenging Act 163 was capable of repetition, yet evading review.

The panel held that the IDEA's stay-put provision applied, even though the student had exceeded the state-imposed limit on eligibility for public education, because when he filed his complaint he was still fully eligible for public special education under Hawaii law. The panel distinguished a Seventh Circuit case, which held that the stay-put provision ceased to function after a student reached the IDEA's statutory age limit by turning 22, on the basis that the Hawaiian student was challenging the legality of the Act 163 deadline itself.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

David M. Louie, Attorney General, Gary S. Suganuma (argued) and Holly T. Shikada, Deputy Attorneys General, Honolulu, Hawaii, for Defendant-Appellant.

John P. Dellera, Honolulu, Hawaii, for Plaintiff-Appellee.

**OPINION**

D.W. NELSON, Senior Circuit Judge:

When a student with an existing special education placement files a complaint under the Individuals with Disabilities Education Act ("IDEA"), he is entitled to remain in that placement until his case is resolved. 20 U.S.C. § 1415(j). In the argot of education law, this rule is known as "stay put." In this appeal, we must decide whether the stay-put provision applies to a student who has exceeded a state-imposed age limit on eligibility for public education. We conclude that it does, and affirm.

### A. Background

This appeal is about the interaction between the IDEA's stay-put provision and a Hawaii statute restricting public education to students under the age of 20.

By default, the IDEA entitles a disabled child to a free public education until he turns 22. *See id.* § 1412(a)(1)(A). But a state may cut off special-education eligibility to students as young as 18, provided that general-education students are subject to the same limit. *Id.* § 1412(a)(1)(B)(i).

Hawaii sought to impose such a limit in 2010, when the state legislature passed "Act 163." *See* Haw. Sess. L. 2010, ch. 163, § 1. Act 163 provides that "[n]o person who is twenty years of age or over on the first instructional day of the school year shall be eligible to attend a public school." Haw. Rev. Stat. § 302A-1134(c). A Hawaiian student who turns 20 after the first day of school, however, remains eligible for public education until the end of the "full school year." *Id.*

A.D. is a severely disabled student in Hawaii. He has attended a private school called Loveland Academy at public expense since he was seven. Shortly after A.D. turned 20 in May 2011, the Hawaii Department of Education ("DOE") issued a formal notice that, pursuant to the terms of Act 163, A.D.'s special education placement would end on July 31, 2011, the last day of the 2010–2011 school year.

On June 20, 2011, A.D. challenged the termination of his services by filing a request for an administrative due process hearing. A.D.'s administrative complaint alleged that Act 163 violated federal law and that he was therefore entitled to remain at Loveland Academy until age 22.[1] Despite A.D.'s request for a due process hearing, the DOE stopped paying A.D.'s Loveland Academy tuition after July 31, 2011.

On January 9, 2012, A.D. moved for stay put—that is, he asked the administrative hearing officer to declare that

---

[1] A.D. was also a plaintiff in a class-action challenge to Act 163, which resulted in the district court entering judgment in favor of the DOE. *See R.P.-K ex rel C.K. v. Dep't of Educ., State of Haw.*, No. 10-00436, 2012 WL 1082250 (D. Haw. Mar. 30, 2012). In the administrative proceeding out of which this appeal arises, A.D. argued that he was not bound by the judgment in *R.P.-K*, which is currently on appeal to this court.

Loveland Academy was his stay-put placement and that the DOE was obligated to pay his tuition until A.D.'s challenge to Act 163 ran its course. A.D. also moved for summary judgment. At the same time, the DOE moved to dismiss A.D.'s administrative complaint.

The hearing officer denied A.D.'s motion for stay put and granted the DOE's motion to dismiss. A.D. appealed both orders to federal district court. The district court reversed the hearing officer's denial of A.D.'s motion for stay put, holding that "[s]tay put . . . should have entered when [A.D.] filed his Request for Due Process Hearing on June 20, 2011 . . . ." *A.D. ex rel. L.D. v. Dep't of Educ., State of Haw.*, No. 12-00307, 2012 WL 5292865, at *8 (D. Haw. Oct. 25, 2012).

The DOE appealed, raising the single issue whether A.D. was entitled to remain at Loveland Academy as his stay-put placement during the pendency of his challenge to Act 163.

### B. Analysis

Before we turn to that question, we address two preliminaries. First, our circuit has never conclusively resolved whether a stay-put order is a collateral order subject to interlocutory appeal. We agree with a recent unpublished decision of our circuit holding that a stay-put order is appealable under the collateral order doctrine, because it "conclusively determines the disputed question of the child's stay-put location, resolves an important issue completely separate from the merits of the child's ultimate placement, and is effectively unreviewable on appeal from a final judgment." *Marcus I. ex rel. Karen I. v. Dep't of Educ.*, 506 F. App'x 613, 614 (9th Cir. 2013) (citing *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468 (1978)).

Second, A.D. argues that this appeal became moot when he turned 22 in May of this year. A.D. points out that the sole object of his challenge to Act 163 was to secure educational services until he reached the IDEA's default eligibility limit of 22. A.D. is correct that the controversy is dormant now that he has exited the special education system. But the issue of whether the stay-put injunction is available to students challenging Act 163 is capable of repetition, yet evading review. *See Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1287 (9th Cir. 2013) (to fall under this exception "(1) the duration of the challenged action or injury must be too short to be fully litigated, and (2) there must be a reasonable likelihood that the same party will be subject to the action again"). Because Act 163 may pretermit special education placements in the future, it is reasonable to expect that the DOE will face more challenges to the law. And every 20-year-old challenger to Act 163 will age out of special education within two years. The litigation window might never stay open long enough to resolve whether such students are entitled to stay-put injunctions, and the DOE is reasonably likely to face these challenges again. This appeal is therefore not moot. *See id.*

And now to the merits. The IDEA's stay-put provision states that, "during the pendency of any proceedings conducted pursuant to this section . . . the child shall remain in the then-current educational placement of the child . . . ." 20 U.S.C. § 1415(j). Stay put "functions as an 'automatic' preliminary injunction" in IDEA cases by prohibiting changes to a student's educational placement until the legal dispute is resolved. *Joshua A. v. Rocklin Unified Sch. Dist.*, 559 F.3d 1036, 1037 (9th Cir. 2009). Because the injunction is automatic, a student who requests an administrative due process hearing is entitled to remain in his educational

placement regardless of the strength of his case or the likelihood he will be harmed by a change in placement. *See id.*

Stay put routinely functions just as it did in A.D.'s case: a school district attempts to change a student's placement, the student objects to the change by filing an administrative complaint, and stay put maintains the placement until the dispute ends. *See, e.g.*, *Honig v. Doe*, 484 U.S. 305, 312, 323–24 (1988) (holding that students were entitled to stay put during the pendency of their legal challenge to the school district's effort to expel them for disruptive conduct). However, the DOE argues that this case is different because Act 163 is a bar to eligibility for public education. Because A.D. was 20 when he invoked his right to stay put, the DOE argues, he had aged out of public education in Hawaii under the terms of Act 163. And, the argument goes, a student who is no longer eligible for services under the IDEA has no right to invoke stay put (or any other of the IDEA's procedural protections).

The DOE's argument elides a crucial detail: at the time A.D. filed his due process complaint on June 20, 2011, he was still fully eligible for public special education under Hawaii law. Act 163 does not render students ineligible for public education on the day they turn 20. Rather, a student who "reaches twenty years of age after the first instructional day of the school year"—as A.D. did—remains "eligible to attend public school for the full school year." Haw. Rev. Stat. § 302A-1134(c). The DOE's own briefs concede that A.D. remained eligible for special education until the end of the 2010–2011 school year on July 31, 2011. Because A.D. was eligible under the IDEA when he commenced his administrative challenge to Act 163, he was fully entitled to

an automatic injunction preserving his placement at Loveland Academy during the pendency of the dispute. *See Anchorage Sch. Dist. v. M.P.*, 689 F.3d 1047, 1055 (9th Cir. 2012). And that automatic injunction should have held in abeyance any changes to his educational placement, whether the result of Act 163 or some other cause. *Id.*

It is irrelevant that A.D. did not formally move for stay put until January 2012, after the end of the 2010–2011 school year. A stay-put motion can be a useful instrument to clarify a student's rights and a school district's responsibilities under the stay-put provision once litigation is underway. Because stay put is "automatic," however, a stay-put placement is effective from the date a student requests an administrative due process hearing. *See K.D. ex rel. C.L. v. Dep't of Educ., State of Haw.*, 665 F.3d 1110, 1117 (9th Cir. 2011) ("[T]he stay put provision does not apply unless and *until* a request for a due process hearing is filed." (emphasis added)); *see also D.F. v. Collingswood Borough Bd. of Educ.*, 694 F.3d 488, 492 (3d Cir. 2012) ("By filing the [due process] petition, A.C. triggered the IDEA's 'stay-put' requirement."); *Webster Groves Sch. Dist. v. Pulitzer Publ'g Co.*, 898 F.2d 1371, 1373 (8th Cir. 1990). A.D.'s stay-put placement at Loveland Academy became effective when he filed his administrative complaint on June 20, 2011—on which date he was fully eligible for special education under both state and federal law.

Perhaps the DOE is arguing that, even if A.D. was entitled to invoke stay put at the time he filed his complaint, his right to stay put ended at the moment he crossed Act 163's eligibility threshold. Some courts have held that the stay-put provision ceases to function after a student reaches the IDEA's statutory age limit by turning 22. *See Bd. of Educ. of Oak Park & River Forest High Sch. Dist. 200 v. Ill. State*

*Bd. of Educ.*, 79 F.3d 654 (7th Cir. 1996). In *Oak Park*, the Seventh Circuit considered the case of a student who was weeks away from reaching the IDEA's statutory age limit when he filed a complaint seeking an additional year of compensatory education. *Id.* at 656. The student argued that the stay-put provision entitled him to remain in his placement indefinitely, even after he reached the IDEA's statutory eligibility limit. The court rejected his argument, explaining that stay put ends once a student is no longer IDEA-eligible:

> [T]he entitlements created by the Individuals with Disabilities Education Act expire when the disabled individual turns 21[2]. . . . Once the child reaches the age at which he no longer is entitled to the protection of the Act, the stay-put provision, which is intended to prevent the child from losing benefits to which he is entitled, loses its rationale. Its continued application would confer benefits beyond the limit set by Congress.

*Id.* at 659–60. If the same logic applies to the Act 163 age limit, A.D.'s right to stay put evaporated along with his eligibility for public education on the last day of the 2010–2011 school year.

The difference is that unlike the plaintiff in *Oak Park*, A.D. is challenging the legality of the deadline that ostensibly

---

[2] In the 1990s, courts in several circuits, including our own, held that IDEA eligibility terminated on a student's 21st birthday. *See, e.g.*, *Parents of Student W. v. Puyallup Sch. Dist., No. 3*, 31 F.3d 1489, 1497 (9th Cir. 1994). Today, federal regulations make clear that IDEA eligibility extends to 21-year-olds. *See* 34 C.F.R. § 300.102(a)(1).

governs his IDEA eligibility. In *Oak Park*, the student did not dispute that he had "reache[d] the age at which he no longer is entitled to the protection of the Act . . . ." *Id.* at 660. Here, though, that is the very essence of the dispute. Whether A.D. was "entitled to the protection of the Act" after July 31, 2011 depends on the lawfulness of Act 163. The DOE invites us to prejudge the merits of A.D.'s case by accepting the premise that Act 163 strips A.D. of his procedural rights under the IDEA. Accepting that premise would subvert the purpose of the stay-put provision, which is to protect students from changes to their educational programs when there is a dispute over the lawfulness of the changes. *See Joshua A.*, 559 F.3d at 1040.

A decision in the DOE's favor would be an open invitation to school districts or legislatures to declare students ineligible for IDEA services as a means of stripping students of their rights under the stay-put provision. The DOE's argument is that if a state law or policy renders a student ineligible for IDEA services, the student cannot invoke stay put even in a challenge to that specific eligibility criterion. Thus, on the DOE's view, a state could adopt a law declaring students with particularly costly disabilities ineligible for special education, and students affected by the law would have no right to stay put while they contested their eligibility.

Section 1415(j) is unequivocal: it states that a student "shall" remain in his educational placement during the pendency of his case. While it is reasonable to think that the age limit Congress incorporated into the IDEA itself implicitly delimits the stay-put provision, *see Oak Park*, 79 F.3d at 660, there is no reason to think that the same is true of states' or school districts' idiosyncratic eligibility criteria. When a dispute exists about whether a special education

eligibility criterion is lawful or whether it applies to a particular student, stay put preserves the student's eligibility until the dispute is resolved. *Cf. R.Y. v. Hawaii*, No. 09-00242, 2010 WL 558552, at *7 (D. Haw. Feb. 17, 2010) ("[B]ecause Plaintiffs are appealing whether Student is entitled to a regular high school diploma, Defendant's issuance of a diploma to Student did not extinguish Student's stay put rights under the IDEA.").

In short, this is not a case in which A.D. concedes he has aged out of special-education eligibility but is seeking to use the stay-put mechanism to acquire services for which he is actually ineligible. Until his challenge to Act 163 is resolved, stay put enjoins the state from invoking the Act to alter his placement.

### Conclusion

The district court correctly granted A.D.'s motion for stay put. A.D. was entitled to remain at Loveland Academy as his stay-put placement from the date he filed his administrative complaint, and he was entitled to remain there until his case was finally resolved.

**AFFIRMED**.