**D.G., by and through his Guardians Ad Litem P.G. and F.K., Plaintiff,**

v.

**SAN DIEGO UNIFIED SCHOOL DISTRICT, Defendant.**

Case No. 15–cv–1682–CAB (BLM).

United States District Court,
S.D. California.

Signed Sept. 21, 2015.

Meagan Nunez, Jennifer L. Varga, San Diego, CA, for Plaintiff.

Sarah Leilani Wanda Sutherland, Dannis Woliver Kelley, San Diego, CA, for Defendant.

## ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION

CATHY ANN BENCIVENGO, District Judge.

Plaintiff D.G., by and through his parents as guardians ad litem, moves for a preliminary injunction. [Doc. No. 6.] Defendant San Diego Unified School District ("SDUSD") responded in opposition, and plaintiff replied. [Doc. Nos. 10, 11.] The court issued a tentative order and then heard oral argument on September 18, 2015. For the following reasons, the court **GRANTS** plaintiff's motion for a preliminary injunction.

### BACKGROUND

Plaintiff is a twelve-year-old boy with autism. Until June 2015, plaintiff resided in the Del Mar Union School District. Beginning with the 2010–2011 school year, plaintiff has attended The Institute for Effective Education ("TIEE"), a private school, each year pursuant to an individualized education plan ("IEP"). *See* 20 U.S.C. §§ 1412(a)(4), 1414(d); [Doc. No. 1–2.] Plaintiff's most recent IEP from Del Mar Union School District, dated May 13, 2015, again placed plaintiff at TIEE but was due to end June 30, 2015, at which point plaintiff would apparently matriculate to San Dieguito Union High School District.

In June 2015, however, plaintiff moved from Del Mar Union School District to a neighboring district, San Diego Unified School District ("SDUSD"). On June 5, 2015, plaintiff's mother went to Wangenheim Middle School, a school within SDUSD, and turned in completed enrolment paperwork for plaintiff. [Doc. No. 10–6.] Then, on June 12, 2015, SDUSD personnel met with plaintiff's parents and offered an interim placement for plaintiff at Wangenheim Middle School.[1] Plaintiff's mother did not consent to the interim

---

1. *See* Cal. Educ.Code § 56325(a)(1) ("In the case of an individual with exceptional needs

placement and wanted plaintiff to remain at TIEE.

On June 18, 2015, plaintiff filed a due-process complaint with the Office of Administrative Hearings for the State of California. *See* 20 U.S.C. § 1415(f)(1)(A); [Doc. No. 1–7.] Five days later, plaintiff filed a motion for "stay put" with the OAH, which Administrative Law Judge June Lehrman denied. [Doc. Nos. 1–8, 1–9.] Judge Lehrman reasoned:

> ... [I]f a student's placement in a program was intended only to be a temporary placement, such placement does not provide the basis for a student's "stay put" placement.
>
> Here, the IEP on which Student relies placed Student in a nonpublic school on a temporary basis, explicitly stating that the nonpublic school would be funded only until June 30, 2015. According to the legal authorities cited above, a temporary placement does not form a basis for stay put. For this reason, Student's motion is denied.

[Doc. No. 1–9 at 2–3.] Judge Lehrman stated that she did not address SDUSD's other arguments (that plaintiff had not established residency within the District and that the District's offer of placement and services was "comparable" to TIEE). [*Id.*]

Plaintiff moved for reconsideration, on grounds that the IEP never intended for TIEE to be a temporary placement. [Doc. No. 1–13 at 3.] He emphasized that he had

been schooled at TIEE for three years. [*Id.*] On July 3, 2015, Judge Lehrman affirmed her denial of plaintiff's motion for "stay put." [Doc. No. 1–14.]

On July 29, 2015, plaintiff filed his complaint here. *See* 20 U.S.C. § 1415(i)(2)(A); [Doc. No. 1.] It is important to emphasize that plaintiff *only* challenges the OAH's denial of his motion for stay put. Plaintiff does not appeal any final determination of his due-process complaint, which indeed remains pending in the OAH (and is set for hearing on October 13, 2015).

On August 14, 2015, plaintiff filed his pending motion for preliminary injunction. [Doc. No. 6.]

## DISCUSSION

Plaintiff's complaint here arises under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.* Plaintiff appeals the ALJ's denial of his motion for "stay put," brought under 20 U.S.C. § 1415(j), which requires that, when a due-process complaint has been filed,

> unless the State or local educational agency and the parents otherwise agree, the child shall remain in the ***then-current educational placement*** of the child, or, if applying for initial admission to a public school, shall, with the consent of the parents, be placed in the public school program until all such proceedings have been completed.

20 U.S.C. § 1415(j) (emphasis added)[2];

---

who has an individualized education program and transfers into a district from a district not operating programs under the same local plan in which he or she was last enrolled in a special education program within the same academic year, the local educational agency shall provide the pupil with a free appropriate public education, including services comparable to those described in the previously approved individualized education program, in consultation with the parents, for a period not to exceed 30 days, by which time the local

educational agency shall adopt the previously approved individualized education program or shall develop, adopt, and implement a new individualized education program that is consistent with federal and state law.").

**2.** *See also* 34 C.F.R. § 300.518(a) ("Except as provided in § 300.533, during the pendency of any administrative or judicial proceeding regarding a due process complaint notice requesting a due process hearing under § 300.507, unless the State or local agency

*see also K.D. ex rel. C.L. v. Dep't of Educ., Hawaii,* 665 F.3d 1110, 1117 (9th Cir. 2011).

■ "A motion for stay put functions as an 'automatic' preliminary injunction," *Joshua A. v. Rocklin Unified Sch. Dist.,* 559 F.3d 1036, 1037 (9th Cir.2009), so "a student who requests an administrative due process hearing is entitled to remain in his educational placement regardless of the strength of his case or the likelihood he will be harmed by a change in placement." *A.D. ex rel. L.D. v. Hawaii Dep't of Educ.,* 727 F.3d 911, 914 (9th Cir.2013).

■ Here, plaintiff and defendant have not otherwise agreed to plaintiff's placement. Thus, the determinative issue is: On June 18, 2015, when plaintiff filed his due-process complaint with the OAH, what was his "current educational placement?"[3]

"The IDEA does not define the phrase 'current educational placement.' Courts have generally interpreted the phrase to mean the placement set forth in the child's last implemented IEP." *L.M. v. Capistrano Unified Sch. Dist.,* 556 F.3d 900, 902 (9th Cir.2009). More recently, the Ninth Circuit has held:

"[E]ducational placement" means the general educational program of the student. More specifically we conclude that under the IDEA a change in educational placement relates to whether the student is moved from one type of program—*i.e.,* a regular class—to another type—*i.e.,* home instruction. A change in the educational placement can also result when there is a significant

change in the student's program even if the student remains in the same setting. *N.D. ex rel. parents acting as guardians ad litem v. Hawaii Dep't of Educ.,* 600 F.3d 1104, 1116 (9th Cir.2010).

■ Here, the ALJ denied plaintiff's motion for "stay put" because plaintiff's most recent IEP—the May 2015 IEP prepared by Del Mar Unified School District—only addressed the time period up through June 2015 and was therefore only temporary. [Doc. No. 1–9 at 3.] But even if the ALJ was correct both in determining that plaintiff's May 2015 IEP was temporary and in holding that a "temporary placement ... does not provide the basis for a student's 'stay put' placement," [*id.* at 2], the IEP implemented prior to the May 2015 IEP also placed plaintiff at TIEE. Further, "the place where [plaintiff was] actually receiving instruction" when he filed his due-process complaint with the OAH was similarly TIEE. *See D.C. v. Oliver,* 991 F.Supp.2d 209, 214 (D.D.C.2013).

Thus, whether the court looks to plaintiff's May 2015 IEP, the IEP implemented immediately prior to his May 2015 IEP, or his placement at the time he filed his due-process complaint, the result is the same. Plaintiff must remain in TIEE until final resolution of his due-process complaint (unless his parents and defendant otherwise agree).

Defendant contends that "the transfer of a student to another educational agency causes the status quo underlying the 'stay put' provision to no longer exist." [Doc. No. 10 at 17.] But the Ninth Circuit case

and the parents of the child agree otherwise, the child involved in the complaint must remain in his or her current educational placement.").

3. "[T]he inquiry in a stay-put case is limited to identifying the 'then-current educational placement.'" 20 U.S.C. § 1415(j); [*Drinker*

by *Drinker v. Colonial Sch. Dist.,* 78 F.3d 859, 865 n. 13 (3d Cir.1996)]. "The merits of plaintiff's due process complaint are therefore irrelevant in determining [plaintiff's'] current educational placement." *Smith v. Cheyenne Mountain Sch. Dist. 12,* No. 14–CV–02651–PAB–CBS, 2015 WL 4979771, at *5 (D.Colo. Aug. 20, 2015).

defendant cites for this proposition actually supports plaintiff:

We hold that when a dispute arises under the IDEA involving a transfer student, and there is disagreement between the parent and the student's new school district about the most appropriate educational placement, the new district will satisfy the IDEA if it implements the student's last-agreed upon IEP; but if it is not possible for the new district to implement in full the student's last agreed-upon IEP, the new district must adopt a plan that approximates the student's old IEP as closely as possible.

*Ms. S. ex rel. G. v. Vashon Island School Distr.*, 337 F.3d 1115, 1134 (9th Cir.2003). Here, defendant cannot plausibly argue that it is "not possible" to provide for plaintiff's education at TIEE, because defendant currently places other students at TIEE, which is located within SDUSD's boundaries. [Doc. No. 8 ¶¶ 31, 34.]

At oral argument, defendant urged that, when a student transfers to a new Special Education Local Plan Area (SELPA), the student's "then-current educational placement" is the placement contained in the new school district's interim, "comparable" services offer. But then what happens where, as here, the student disputes that the offered services are "comparable" to his last IEP? The same issue that arises from the due-process proceeding is raised: namely, whether the new school district has offered plaintiff adequate services. The goal of the right to "stay put"—"to protect students from changes to their educational programs when there is a dispute over the lawfulness of the changes," *A.D. ex rel. L.D.*, 727 F.3d at 916—would be subverted if the new school district's inter-

im services offer were deemed the student's "then-current educational placement." [4]

## CONCLUSION

Based on the foregoing analysis, the court finds that the ALJ erred in denying plaintiff's motion for "stay put." Plaintiff's motion for a preliminary injunction [Doc. No. 6] is **GRANTED.** Plaintiff shall stay put in TIEE until the proceedings arising out of his due-process complaint have concluded.

The parties shall provide a joint status report as to the OAH proceedings on ***March 18, 2016,*** or within ***seven days*** of the conclusion of the due-process proceedings, whichever date comes first.

**IT IS SO ORDERED.**

---

4. *See S.C. v. Palo Alto Unified School Distr.*, Case No. 15–cv–980–HRL, Doc. No. 21 at 4 (N.D. Cal. June 2, 2014) (applying *Vashon* and rejecting the defendant school district's argument that plaintiff's "transfer from one educational jurisdiction to another means that he cannot rely on his prior IEP for 'stay put' and that the District is only obliged to provide 'comparable' services, whether or not replication of the [prior district's] IEP is feasible.").